The STATE of Ohio, Appellee,

v.

WOOD, Appellant.

[Cite as *State v. Wood* (1992), 81 Ohio App.3d 489.]

Court of Appeals of Ohio,
Greene County.

No. 91–CA–65.

Decided June 25, 1992.

*William F. Schenck,* Prosecuting Attorney, and *Robert K. Hendrix,* Assistant Prosecuting Attorney, for appellee.

*David R. Schmidt,* for appellant.

BROGAN, Judge.

Appellant, David A. Wood, appeals from his conviction in Greene County Common Pleas Court of felonious assault with a firearm specification. Appellant contends that his conviction should be reversed and that he be ordered discharged from confinement because he was denied a speedy trial pursuant to R.C. 2945.71. Appellant also contends the trial court improperly instructed the jury upon the elements of the crime of felonious assault.

Wood was arrested by the Beavercreek police on December 21, 1990 after he kept his ex-wife Cathy a hostage in her home at gunpoint for nearly three hours. Police were summoned to Mrs. Wood's home and Wood threatened that if the police entered the residence he would shoot his ex-wife.

After Mrs. Wood was able to effect an escape from her peril, police entered her home and arrested the appellant. Wood was shot by the police prior to his apprehension. Wood was then hospitalized under armed guard for about a week and then incarcerated.

The appellant was indicted by the Greene County Grand Jury on January 4, 1991 upon the charges of kidnapping and aggravated burglary with firearm specifications. On January 11, 1991, the appellant was arraigned and, pursuant to his counsel's request, the trial was set for April 1, 1991, a period which exceeded the ninety days provided in the speedy trial statute of R.C. 2945.71. That section provides, in pertinent part, that a person against whom a felony

is *pending* shall be brought to trial within two hundred seventy days after his arrest, and each day during which the accused is held in jail on the pending charges shall be counted as three days.

On March 29, 1991, counsel for appellant moved to continue the trial until a time "mutually convenient for the court." On April 12, 1991, the state *nolle prossed* the pending aggravated burglary and kidnapping charge. On that same date, the appellant was charged in Fairborn Municipal Court with felonious assault with a firearm specification. Appellant was indicted on the felonious assault charge on May 2, 1991 and trial was set for June 3, 1991.

On May 28, 1991, appellant moved to dismiss the felonious assault charge because the state had failed to bring him to trial in the period required by R.C. 2945.71. In support of his motion, appellant cited *State v. Clay* (1983), 9 Ohio App.3d 216, 9 OBR 366, 459 N.E.2d 609, wherein the court of appeals held that when new and additional charges arise from the same facts as did the original charge, and the state knew of such facts at the time of the initial indictment, the time within which trial must begin on the additional charges is subject to the same statutory limitations periods that is applied to the original charge.

On July 2, 1991, the trial court overruled appellant's motion to dismiss and appellant proceeded to trial on September 24, 1991 on the new indictment.

■ It is well settled that counsel may waive the client's right to a speedy trial pursuant to R.C. 2945.71 even when the client is not aware nor has been informed of the waiver. *State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593; see, also, *State v. McRae* (1978), 55 Ohio St.2d 149, 9 O.O.3d 118, 378 N.E.2d 476. The trial court found that the original trial date of April 1, 1991 was set for the convenience of defense counsel. We agree with the state that had appellant been tried upon that date in case No. 91–CR–11 his speedy trial rights under the statute would not have been violated.

The trial court also found that appellant's counsel had agreed to waive appellant's speedy trial rights on the pending kidnapping and burglary charges on March 29, 1991 to a date convenient for the court. Had appellant been tried on those charges within a reasonable time after March 29, 1991 his speedy trial rights under the statute would not have been violated. The state, however, proceeded to have a *nolle prosequi* entered on the pending criminal charges and filed a new charge in the Fairborn Municipal Court arising out of the events of December 21, 1990 which led to the appellant's arrest.

■ The state argues that counsel's motion of March 29, 1991 operated as a request to continue a case which at that time was not even in existence, *i.e.*, the felonious assault charge of which the appellant was indicted on May 2, 1991 in case No. 91–CR–216. We reject this argument. There is nothing in

appellant's counsel's March 29, 1991 motion which suggested that his client was waiving the time requirements of R.C. 2945.71 to permit the state to reindict upon new criminal charges relating to the events of December 21, 1991. When an accused waives the right to a speedy trial as to an initial charge, the waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to execution of the waiver. *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025.

In the alternative, the state argues the time requirements of R.C. 2945.71 should not apply because the state did not think they could charge the appellant with the felonious assault charge until the Ohio Supreme Court decided *State v. Green* (1991), 58 Ohio St.3d 239, 569 N.E.2d 1038.

In *Green,* the Supreme Court held that the acts of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of "felonious assault" as defined by R.C. 2903.11(A)(2).

We agree with the holding in *State v. Clay, supra,* that when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge. Any other interpretation would clearly frustrate the purposes of the speedy trial statute. The state does not suggest there were any undiscovered *facts* relating to the events which led to the appellant's arrest. It argues it did not believe felonious assault charges were appropriate until *State v. Green, supra,* was decided.

Taken literally, the state's position would permit it to initiate criminal charges long after the speedy trial statute had expired, merely because the Ohio Supreme Court rendered a decision more favorable to a criminal prosecution. Since the state of the law is constantly evolving with judicial decisions, the provisions of R.C. 2945.71 would be ephemeral at best.

Consistent with the holding in *State v. Clay, supra,* the trial court erred in denying appellant's motion to dismiss the new charges emanating from the second indictment. Because appellant's right to a speedy trial under R.C. 2945.71 was denied, his motion for discharge should have been granted. Appellant's second assignment of error is sustained.

In his first assignment of error, appellant contends that the trial court erred in instructing the jury that it is the victim who must perceive the threat as opposed to a reasonable person. The state contends this purported error was waived by appellant's failure to object to the instruction.

The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Underwood* (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332.

The facts of this case were analogous to those present in *State v. Green, supra.* Although the instruction given by the court was improper, we cannot say the outcome of the case would clearly have been otherwise had the court given the proper instruction. The first assignment of error is overruled.

The judgment of the trial court will be reversed and the defendant-appellant ordered discharged.

*Judgment reversed.*

WILSON and WOLFF, JJ., concur.