OPINION
This matter presents a timely appeal from a decision of the Mahoning County Common Pleas Court, finding defendant-appellant, Edward A. Davis, guilty of felonious assault, in violation of R.C. 2903.11, along with an attendant firearm specification and a prior conviction specification, and sentencing him to a term of twelve to fifteen years, with an actual three year term of incarceration for the firearm specification.
Appellant was engaged in an intimate relationship with one Lisa Jeffries (the victim) sometime in 1983. This relationship eventually ended due to appellant's arrest for another unrelated matter. (Tr. 41). Appellant was released from prison sometime in 1993, and he contacted the victim, presumably to rekindle their previous relationship. (Tr. 42-43). However, the victim did not want to establish another relationship with appellant. (Tr. 43)
Appellant became abusive toward the victim and barged into her mother's house. (Tr. 43). He also made offensive phone calls. (Tr. 43). The victim and her mother called appellant's parole officer and requested that a condition be added to his parole such that appellant could not come into contact with the victim or her mother. (Tr. 43). The parole authority added this stipulation to appellant's parole. (Tr. 43).
On December 11, 1993 after visiting a local nightclub where she witnessed appellant, the victim went to a friend's house and used crack cocaine. (Tr. 24). When she left to go home, she noticed that appellant was standing in front of her house with a shotgun. (Tr. 28-29). The victim reached into her pocket to pull out a gun, but was shot twice. (Tr. 30). She was rushed to a local hospital, treated for the gunshot wounds and later released. (Tr. 35). Appellant, who left the scene before authorities arrived, thereafter fled from Ohio in violation of his parole.
Appellant was arrested by the Federal Bureau of Investigation on June 3, 1996, on a parole violation warrant in Las Vegas, Nevada. He was returned to the Lorain Correctional Institution on June 20, 1996, and the Adult Parole Authority notified the Youngstown PoLice Department of the arrest and extradition of appellant. On July 10, 1996, the Mahoning County Task Force arrested appellant and returned him to the Mahoning County Justice Center. Appellant was indicted on September 4, 1996.
Trial was first scheduled for September 25, 1996, but was prevented many times due to continuances which were filed. The trial court sustained the first motion for continuance made by appellant on September 16, 1996, and the trial court rescheduled the trial for October 30, 1996. On October 22, 1996, appellant made another motion to continue, and this was followed by a motion to withdraw filed by appellant's counsel on October 28, 1996. Appellant's counsel withdrew the October 22, 1996 motion for continuance when he sought to withdraw as counsel, but the trial court nonetheless sustained this motion on November 1, 1996, and rescheduled the trial for December 11, 1996. Appellant's new counsel was appointed on November 26, 1996, and the new counsel immediately moved for another continuance on November 27, 1996, due to unavailability. Appellant's counsel waived appellant's speedy trial rights in conjunction with this motion. The trial court sustained appellant's motion for continuance and again rescheduled the trial for April 9, 1997. The trial court noted that appellant had waived his right to speedy trial. On January 28, 1997, the trial court suasponte continued the trial, rescheduling it for April 23, 1997. Its reasoning for the rescheduling was due to the court's unavailability for the April 9, 1997 date.
On March 4, 1997, appellant made a motion to dismiss the indictment and on March 25, made a motion to dismiss for delay in trial. On April 28, 1997, pursuant to a joint continuance, the trial court reset the trial to June 11, 1997. The trial court again noted that appellant had waived his right to speedy trial. On June 11, 1997, the court sua sponte continued the trial, rescheduling it for October 1, 1997. Its reasoning for the rescheduling was because it was engaged in another case on June 11, 1997. Again the court noted that appellant had waived his right to a speedy trial. On October 1, 1997, appellant's counsel had another trial, so he made another motion to continue. The trial court sustained this motion on October 9, 1997 and reset the trial for January 7, 1998. On December 22, 1997, the trial court stated that it would hear all pending motions for this matter, and scheduled oral argument for January 16, 1998, thereby rescheduling the trial for April 1, 1998.
On April 13, 1998, the trial court heard motions to dismiss for delay in trial, and denied such motions. On April 16, 1998, the trial court reset the trial for the first available trial date, being on April 22, 1998. On April 28, 1998, pursuant to a bench trial, the trial court found appellant guilty and sentenced him to an incarceration term of not less than twelve years nor more than fifteen years, with an actual incarceration term of three years for the firearm specification. Appellant subsequently appealed.
Appellant's sole assignment of error alleges:
 "The trial court erred in overruling defendant/appellant's motion to dismiss for failure to bring defendant/appellant to trial within the mandatory time provisions provided by Ohio Revised Code § 2945.71 et seq."
Appellant argues that he was held for six hundred thirty-two days without trial, in violation of R.C. 2945.71. He further argues that when reviewing speedy trial cases, an appellate court simply counts days as directed by R.C. 2945.71. Appellant further maintains that there is nothing in the record providing reason for the trial court's holding of appellant for this amount of time.
R.C. 2945.71 states, in pertinent part:
 "(C) A person against whom a charge of felony is pending:
 "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5 (B), shall be accorded a preliminary hearing within fifteen consecutive days after his arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after his arrest if the accused is held in jail in lieu of bail on the pending charge;
 "(2) Shall be brought to trial within two hundred seventy days after his arrest.
"* * *
 "(E) For purposes of computing time under divisions (A), (B), (C) (2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C) (1) of this section."
Appellant argues that the triple count provision of R.C.2945.71 (E) applies, therefore he should have had a trial within ninety days of his arrest. The trial court found a valid parole hold order at the April 13, 1998 hearing on appellant's motions to dismiss for speedy trial. A parole hold order prevents the triple count provision of R.C. 2945.71 from applying, and instead the two hundred seventy day limitation is applicable. Statev. Brown (1992), 64 Ohio St.3d 476. Thus, the parole hold order in this case made two hundred seventy days the required number of days which appellant could have been held without trial.
Although the triple count provision did not apply, appellant still argues that he was held six hundred thirty two days, which would appear to violate the two hundred seventy day limitation. A waiver of speedy trial rights can prevent R.C. 2945.71 from applying in its entirety. State v. King (1994), 70 Ohio St.3d 158. Also, a waiver may be either oral or in writing.King, supra. In the case at bar, appellant waived his speedy trial rights in conjunction with the motion for continuance made on November 29, 1996. The trial court noted this waiver in sustaining this continuance. Furthermore, the trial court noted two other times that appellant waived his speedy trial rights, in the April 28, 1997 continuance, and again in the June 11, 1997 continuance. Appellant purportedly made no objection to the trial court's notations of his waiver of speedy trial at the time such finding was made.
Appellant responds to this waiver with two arguments. First, he argues, that the apparent waiver on November 29, 1996 was in conjunction with the motion for continuance. Therefore, it is argued, this waiver only applied to that motion and was not an overall waiver.
R.C. 2945.72 states, in pertinent part:
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
"* * *
 "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
"* * *
 "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
Since by statute, a motion for continuance made by the accused automatically extends the time within an accused must be brought to trial, appellant's waiver of his speedy trial rights was unnecessary. Therefore, the waiver could not have been in conjunction with the motion for continuance.
Second, appellant argues that his counsel made this waiver without his knowledge. Since he did not have knowledge of the waiver, appellant urges, the waiver cannot apply. In State v.McRae (1978), 55 Ohio St.2d 149, the Ohio Supreme Court held:
 "`A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.'"
Although from this holding, defense counsel's waiver appears to be based upon reasons of trial preparation, another holding appears to extend an unknowing waiver to situations where defense counsel does not need to base his reasons for continuance upon trial preparation. In State v. Wood (1992), 81 Ohio App.3d 489, the court held that defendant's counsel could waive this speedy trial right, without consent, where the waiver came with a motion to continue trial to a date "mutually convenient for the court."
Here, appellant's first counsel made a motion to withdraw, and the trial court granted this on November 26, 1996. When the trial court appointed new counsel, this new counsel immediately made a motion for continuance. The reason for the continuance was to give the new counsel time to prepare for trial, since the trial was scheduled to begin on December 11, 1996. Appellant's new counsel waived appellant's speedy trial rights with this continuance. Appellant's counsel could waive this right, without appellant's consent, under the narrow holding of McRae, supra, or the broader holding of Wood, supra. Therefore, appellant's right to speedy trial was properly waived.
Finally, appellant overlooks the fact that under R.C. 2945.72
(H), any continuances requested by the defendant extend the time for trial. Appellant was arrested on July 10, 1996 and the original trial was scheduled for September 25, 1996, for a total of seventy eight days. Appellant filed for a continuance on September 15, 1996 which was granted by the trial court, and trial was reset for October 30, 1996. Under R.C. 2945.72 (H), this time does not count against the State. Appellant again made a motion for continuance on October 22, 1996, which the court sustained, resetting the trial for December 11, 1996. Again, this time does not count against the State. Appellant's new counsel filed another continuance on November 26, 1996, which the trial court sustained and rescheduled the trial for April 9, 1997. This time does not count against the State.
On January 28, 1997, the trial court sua sponte ordered the trial to be reset for April 23, 1997, as the trial court was unavailable on April 9, 1997. In State v. Mincy (1982),2 Ohio St.3d 6, the Ohio Supreme Court held:
 "When sua sponte granting a continuance under R.C. 2945.72 (H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."
Here, the trial court gave appellant and his defense counsel notice of the continuance when it stated in a journal entry that it was unavailable on that particular date. This entry came before the expiration of the time limits of R.C. 2945.71 and, therefore, met the requirements of Mincy, supra.
Furthermore, a crowded docket and judicial conference has been held to be reasonable. State v. Lee (1976), 48 Ohio St.2d 208. Such a continuance is adequately evidenced by the failure of the defendant to object and assert a basis for a contrary conclusion. Lee, supra. Here, appellant did not object, nor did he assert a basis for a contrary reason for the court's continuance. Therefore, the trial court properly continued the trial and reset it for April 23, 1997, so this time period does not count against the State.
On April 28, 1997 there was a joint continuance made and the trial court reset the trial to June 11, 1997, therefore, this time does not count against the State. On June 11, 1997, the trial court again properly made a timely journal entry stating it was continuing the trial sua sponte because it was engaged in another case on June 11, 1997, thus meeting the requirements ofMincy, supra. A crowded docket is a reasonable basis for a continuance. Lee, supra. Therefore, the trial court again properly continued this trial and this time cannot count against the State. On October 1, 1997, appellant again made a motion for continuance, and the trial court reset the trial for January 7, 1998. Again, this time cannot count against the State.
During this time of continuing the trial, there were many motions made. These motions included a pre-trial motion for dismissal for delay in trial, filed by appellant pro se
on January 22, 1997, a motion to dismiss the indictment, filed by appellant pro se on March 4, 1997, and a supplemental motion for pre-trial dismissal for delay in trial, filed by appellant pro se on March 25, 1997. On December 22, 1997, the trial court ordered that the oral arguments for all of the motions for this case would be heard on January 16, 1998, and reset the trial for April 22, 1998. Since these motions were made by appellant, R.C. 2945.72 (E) states that this extends the time that appellant had to be brought to trial.
In State v. Bickerstaff (1984), 10 Ohio St.3d 62, the Ohio Supreme Court held that a motion to dismiss acts to toll the time that a defendant must be brought to trial. Therefore, this time period could not count against the State. The trial began on April 22, 1998 and appellant was found guilty on April 28, 1998. The long delay in trial was due to actions by appellant in either continuing the trial or making motions, both of which extend the time to bring him to trial.
Based upon the fact that there was a valid parole hold order, and that appellant waived his speedy trial rights, and that the delay was due to appellant's own motions for continuance and dismissal, appellant's sole assignment of error is without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ EDWARD A. COX, PRESIDING JUDGE