[Cite as *State v. Hardy*, 2012-Ohio-3498.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                  :           C.A. CASE NO.    2012 CA 20

v.                                          :           T.C. NO.    11CR312

SHAWN B. HARDY                              :              (Criminal appeal from
                                                           Common Pleas Court)

    Defendant-Appellant                 :

                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____3rd____ day of ____August____, 2012.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Civil Division Chief, and NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
    Attorneys for Plaintiff-Appellee

TARA C. DANCING, Atty. Reg. No. 0077277, 1158 Kauffman Avenue, Fairborn, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Shawn B. Hardy appeals from his conviction and

sentence for three counts of non-support of defendants, in violation of R.C. 2919.21(B), all felonies of the fifth degree. Hardy filed a timely notice of appeal with this Court on February 10, 2012.

{¶ 2} On June 3, 2011, Hardy was indicted for three counts of felony non-support of dependents. Hardy was arrested and jailed for these charges on July 26, 2011. At his arraignment on August 5, 2011, Hardy pled not guilty to all of the counts in the indictment and a timely jury trial was set for October 10, 2011. Hardy filed a motion for bond review on August 15, 2011. The record establishes that on August 18, 2011, both parties signed a criminal pre-trial report which memorialized that the last day to conduct a trial for speedy trial purposes pursuant to R.C. 2945.71 was October 24, 2011. On August 30, 2011, the trial court overruled Hardy's motion for bond review.

{¶ 3} On October 4, 2011, the trial court rescheduled the trial date for December 14, 2011. A notice signed solely by the assignment commissioner was docketed on October 5, 2011, which indicates that the case "has been assigned for a court trial." We note that Hardy did not waive his right to speedy trial in writing nor was any record made of defense counsel's acquiescence to the December 14, 2011, trial date. On November 4, 2011, Hardy filed a motion to dismiss for violation of his right to speedy trial.

{¶ 4} The trial court overruled Hardy's motion to dismiss on December 6, 2011. The trial court's rationale for denying the speedy trial motion was the result of a final pre-trial hearing which was apparently held on September 30, 2011, wherein defense counsel obtained the new trial date from the assignment commissioner for the court.[1] The trial court

---

[1] We note that although the record contains an entry dated August 8,

concluded that defense counsel and the assignment commissioner agreed upon the new date of December 14, 2011, on which to conduct a bench trial. All the record contains, however, is a notice filed on October 5, 2011, from the assignment commissioner setting the trial date for December 14, 2011, well outside the time frame required by the speedy trial statute of October 24, 2011. The trial court found that by consulting with the assignment commissioner on September 30, 2011, and agreeing to the new trial date, defense counsel waived Hardy's right to a speedy trial.

{¶ 5} Subsequently, Hardy pled no contest to all of the counts in the indictment at the hearing on December 6, 2011. The trial court accepted Hardy's plea, found him guilty on all counts, and ordered a pre-sentence investigation report (PSI). On February 1, 2012, the trial court sentenced Hardy to community control sanctions.

{¶ 6} It is from this judgment that Hardy now appeals.

{¶ 7} Hardy's sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN FAILING TO DISMISS THE INDICTMENT WHEN THE STATE EXCEEDED ITS 90 DAY TIME LIMIT TO TRY AN IN-CUSTODY DEFENDANT."

{¶ 9} In his sole assignment, Hardy contends that the trial court erred when it overruled his motion to dismiss the indictment against him in its entirety because he was denied his constitutional and statutory rights to a speedy trial.

{¶ 10} The right to a speedy trial is guaranteed by the Sixth Amendment to the

---

2011, scheduling the date for the final pre-trial as September 30, 2011, any such proceedings were apparently not recorded.

United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio's speedy trial statutes, R.C. 2945.71 et seq., constitute a rational effort to implement the constitutional right to a speedy trial and will be strictly enforced. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980).

{¶ 11} R.C. 2945.71(C)(2) requires that a person against whom a charge of felony is pending be brought to trial within two hundred and seventy days after his arrest. Each day the accused is held in jail in lieu of bail on the pending charges shall be counted as three days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, a defendant is entitled to a discharge if he is not brought to trial within the time required by R.C. 2945.71, subject to any extension authorized by R.C. 2945.72. That section provides, in relevant part:

> The time within which an accused must be brought to trial,
>
> or, in the case of felony, to preliminary hearing and trial,
>
> may be extended only by the following:
>
> *   *   *
>
> (H) The period of any continuance granted on the
>
> accused's own motion, and the period of any reasonable
>
> continuance granted other than upon the accused's own
>
> motion.

{¶ 12} Initially, we note that the parties agreed that October 24, 2011, was the final date on which Hardy's trial could be held without violating his right to speedy trial. "It is well settled that counsel may waive the client's right to a speedy trial pursuant to R.C. 2945.71 even when the client is not aware nor has been informed of the waiver. *State v.*

*McBreen*, 54 Ohio St.2d 315, 376 N.E.2d 593 (1978); see also, *State v. McRae*, 55 Ohio St.2d 149, 378 N.E.2d 476 (1978)." *State v. Wood*, 81 Ohio App.3d 489, 611 N.E.2d 418 (2d Dist.1992). The trial court found that the trial date of December 14, 2011, was set at the request of defense counsel. According to the trial court, the act of resetting the trial date for December 14, 2011, was done "for the convenience of Defense Counsel" and constituted a waiver by defense counsel on behalf of Hardy of his constitutional right to speedy trial. There are no facts in the record, however, which support a finding that the new date was set for defense counsel's convenience.

{¶ 13} We note that a criminal defendant may waive his or her speedy trial rights. *State v. Ramey*, ____ Ohio St.3d ____ , 2012-Ohio-2904, ____ N.E.2d ____, ¶ 18. "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *Id*. citing State *v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994).

{¶ 14} In *Ramey*, the Ohio Supreme Court recently found that there was no definitive evidence of waiver of the right to speedy trial where neither the defendant nor his trial counsel had executed a written waiver of speedy trial right or expressly waived defendant's rights in open court *on the record*. *Id*. In the instant case, Hardy acknowledges that although the original trial date had been set for October 10, 2011, he wanted to waive his right to jury trial, and at some point prior to October 10, 2011, he directed defense counsel to represent that to the trial court. A notice was filed on October 5, 2011, assigning a court trial date of December 14, 2011.[2] Significantly, other than the notice filed on

---

[2] Although defense counsel does not dispute that her client desired a bench trial, we note that no written waiver of jury

October 5, 2011, which merely acknowledged the new trial date of December 14, 2011, there is nothing in the record which establishes that Hardy or his defense counsel waived or sought to waive his speedy trial rights.   In fact, the record is entirely devoid of any evidence which supports the trial court's conclusion that the trial was reset outside of speedy trial time for the "convenience of Defense Counsel."

{¶ 15}   Lastly, we must address the issue of whether Hardy's motion for bond reduction constituted a tolling event for speedy trial purposes.   If the motion for bond reduction tolled the speedy trial period, appellant was brought to trial within 90 days (triple count provision), and the trial court did not err when it overruled Hardy's motion to dismiss, albeit for a reason other than that provided by the trial court.   If the motion for bond reduction did not toll speedy trial time, however, then Hardy was not brought to trial within 90 days (triple count provision), and the trial court did err when it overruled his motion to dismiss.   This issue was not discussed by either party or considered by the trial court in the proceedings below.   Nevertheless, we will address the issue because it is relevant to Hardy's right to a speedy trial.

{¶ 16}   Speedy trial statutes are to be strictly construed against the State. *State v. Tillman*, 2d Dist. Clark No. 06CA0118, 2008-Ohio-2060.   In reviewing a speedy trial claim, an appellate court must count days chargeable to each side and determine whether the case was tried within the statutory time limits.   When a defendant has demonstrated that he was not brought to trial within the time limits imposed by the triple-count provision of R.C. 2945.71(E), he presents a *prima facia* case for discharge. *State v. Butcher*, 27 Ohio St.3d 28,

trial appears in this record.

30-31, 500 N.E.2d 1368 (1986). Once an accused has established a *prima facia* case for discharge, it becomes the State's obligation to produce evidence establishing that the defendant was not entitled to be brought to trial within the limits of R.C. 2945.71. *Id.*

{¶ 17} Although the Ohio Supreme Court has not spoken directly on the issue, several appellate districts have found that a motion for bond reduction constitutes a tolling event for the purposes of R.C. 2945.72(E). See *State v. Walters*, 8th Dist. Cuyahoga No. 68279, 1996 WL 17322 (Jan. 18, 1996) (holding without any explanation that motion for bond reduction served as a tolling event when determining speedy trial time); *State v. Caudill*, 3d Dist. Hancock No. 05-97-35, 1998 WL 833729 (Dec. 2, 1998) (holding without explanation that motion for bond reduction tolls the speedy time period, but the amount of time tolled for the motion must be the "reasonable amount of time necessitated by the motion"); *State v. Brown*, 11th Dist. Ashtabula No. 2003-A-0092, 2005-Ohio-2879 (holding that pursuant to R.C. 2945.72(E), a motion for reduction of bond tolls the speedy trial period with no further explanation); *State v. Rouse*, 5th Dist. Tuscarawas No. 2007 AP 12 0078, 2008-Ohio-5891 (holding that a defendant's motion for reduction of bond tolled speedy trial time even though defendant withdrew the motion after ten days and even though the motion did not delay or distract the prosecutor).

{¶ 18} In *Caudill*, the defendant filed his motion for reduction of bond on January 3, 1997. A hearing on the motion was held on January 23, 1997. On February 11, 1997, the trial court granted the defendant's motion for reduction of bond. While reasoning that a judge may need time for research and deliberation before reaching a decision regarding whether to grant the reduction, the Third District found that the thirty-nine days taken to rule

on the motion by the court was unreasonable. Furthermore, we note that *Caudill* involved an evidentiary hearing on bond. Hardy filed his motion on August 15, 2011. The State did not file a memorandum in response to the motion. We note that Hardy did not ask for and was not afforded a hearing before the court on his motion for reduction of bond.

{¶ 19} Whether an accused is incarcerated or released on bond does not interfere with bringing the accused to trial within the statutory time limit. In fact, a motion for bond modification need not even be addressed before trial, unlike motions to suppress, liminal motions, and motions to dismiss which serve to delay the proceedings and can directly bear upon whether a trial is even held. Because a defendant must be tried within a limited period of time or discharged pursuant to R.C. 2945.71, motions which delay bringing a defendant to trial can properly be considered tolling events. In *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, the Ohio Supreme Court held that a motion in limine filed by a defendant tolls speedy trial time for a reasonable period in order to permit the State an opportunity to respond and the trial court an opportunity to rule prior to trial. The *Sanchez* court reasoned that is the type of delay necessitated by the defendant's motion that determines whether it constitutes a tolling event. *Id*. at 280-281.

{¶ 20} In the instant case, the record reflects that the motion for bond reduction did not serve to delay the trial proceedings in any way. At his arraignment on August 5, 2011, Hardy's trial date was set for October 10, 2011. Hardy filed his motion for bond reduction on August 15, 2011, and the trial court overruled the motion on August 30, 2011. Unlike a motion to suppress or motion to dismiss, Hardy's motion for bond reduction did not interfere with bringing him to trial within statutory time limits and within the original timely setting

of October 10, 2011. No hearing was scheduled on the motion. The State did not file a response to Hardy's motion, and the trial court's journal entry overruling the motion for reduction of bond was a brief standardized entry without analysis and without reference to any updated bond report. On this record, the filing of the motion for reduction of bond neither necessitated a delay of the trial proceedings nor did it require any intervention from the State. We note that the State did not assert that the motion for bond reduction constituted a tolling event in the proceedings below. The fact that the State did not advance that argument before the trial court supports a finding that the State simply did not view the motion as a proper tolling event on this record. Moreover, three days after the bond reduction motion was filed, in a pre-trial conference on August 18, 2011, the State agreed in writing that Hardy's last date for speedy trial was October 24, 2011. Court Ex. 1. Accordingly, Hardy's motion did not serve to toll his speedy trial time, and the fifteen days between August 15 and August 30, 2011, will not be counted against him.

{¶ 21}  Hardy's sole assignment of error is sustained as the last date for speedy trial was October 24, 2011.

{¶ 22}  Hardy's sole assignment of error having been sustained, the judgment of the trial court is reversed, his convictions are vacated, and he is ordered discharged.

. . . . . . . . . .

GRADY, P.J. and FROELICH, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Nathaniel R. Luken
Tara C. Dancing
Hon. Stephen A. Wolaver