DECISION AND JUDGMENT ENTRY
{¶ 1} William H. Evans, Jr. appeals the Scioto County Court of Common Pleas' judgment entry. The trial court found Evans guilty of (1) attempted assault on a peace officer, a fifth degree felony violation of R.C. 2923.02(A) and R.C.2903.13(A)/(C)(3), and (2) violating a protection order, a fifth degree felony violation of R.C. 2919.27(A)(1)/(B)(1)(b), and sentenced Evans accordingly. Evans contends that the state cannot use a prior uncounseled plea to enhance the offense of violating a protection order. We disagree because Evans waived this argument when he entered a plea of guilty to the offense. Evans next contends that the trial court erred when it denied his request to withdraw his guilty pleas. We disagree because he did not have a reasonable and legitimate basis for withdrawing the pleas. Evans finally contends that the trial court erred when it sentenced him to two concurrent seven-month sentences in prison. We disagree because Evans agreed to the sentences before he entered his guilty pleas, and thus, pursuant to R.C. 2953.08(D), he cannot appeal either sentence. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Scioto County Grand Jury indicted Evans on five counts of violating a protection order, in violation of R.C.2919.27(A)(1)/(B)(1)(b). The five counts were felonies of the fifth degree because all five were enhanced by prior convictions involving the same statute. A warrant was issued, and an officer served him with a copy of the indictment at the county jail where he was serving another sentence. Evans entered not guilty pleas to all five charges. His attorney on January 13, 2003 demanded a trial by jury and waived the time provisions of R.C.2945.71(A)(B).
 {¶ 3} The Scioto County Grand Jury later indicted Evans on one count of assault on a peace officer, a felony of the fourth degree, in violation of R.C. 2903.13(A)/(C)(3). A summons was issued, and Evans received a copy of this indictment on June 2, 2003. He entered a not guilty plea. The trial court set a date for a jury trial for all six charges.
 {¶ 4} Pursuant to a negotiated plea agreement, Evans changed his pleas on August 15, 2003 and entered pleas of guilty to one count of violating a protection order and one reduced count of attempted assault of a peace officer, both felonies of the fifth degree, with the recommendation to the court that he would receive five years on community control and two consecutive six-month jail terms, unless he got into trouble while in jail awaiting sentence, then he would receive two concurrent seven-month prison sentences.
 {¶ 5} Before accepting the guilty plea, the trial court addressed Evans and asked, "Has anyone promised you anything, threatened you or made any inducements to you whatsoever which has caused you to come in here, waive your Constitutional rights and enter a plea to this serious charge other than my representations to your attorney that I would sentence you to five years of community control, each of these sentences would run consecutive; that on each you would be sentenced to six months in the county jail for a total of twelve months? Anything other than that?" Evans answered, "No." The court asked Evans, "And if you don't make it upstairs you understand I'm going to send you to prison?" Evans answered, "Yes, I know." The trial court accepted Evans pleas and ordered a pre-sentence investigation. The court stated, "My understanding is you're currently in custody on a misdemeanor." Evans answered, "Yes." The court asked, "And you understand that this time that I would give you would run consecutive to that?" Evans answered, "Yes, I do."
 {¶ 6} Before the trial court started the sentencing hearing on August 29, 2003, Evans' attorney told the court that Evans' wanted to terminate his services and wanted to withdraw his pleas of guilty so that he could have a jury trial. Before conducting the sentencing hearing, the trial court asked Evans' counsel and Evans for the basis for wanting to withdraw the guilty pleas.
 {¶ 7} Evans' attorney responded, "I think [Evans] has a substantial defense" but admitted that Evans does not have any additional evidence since he entered his guilty pleas. His attorney stated that part of the problem is that Evans wants his current jail time on the D Range instead of the C Range and eventually wants work release. His attorney finally told the trial court that in the interest of justice Evans should be allowed to withdraw his plea because Evans told him many times that he wanted to go to trial. He said that he told Evans to take the state's offer because he felt that was the best outcome.
 {¶ 8} The trial court kept asking if there was any other reason. Evans finally told the court that he was coerced into accepting the state's offer by Captain Hall. He said that Captain Hall came to his jail cell twice and said, "Why don't you just take the deal?" Evans also told the court that his right to trial went over ninety days and implied that he would raise the speedy trial issue when the court allowed him to withdraw his pleas. After listening to the above reasons, the trial court denied Evans' request to withdraw his plea. The court denied Evans' request to terminate his attorney regarding the attempted assault on a peace officer offense. The court told Evans' that he could fire his attorney on the violating a protection order offense because his attorney was not court appointed in that case.
 {¶ 9} At the sentencing hearing, Evans never contested the court's finding that he got in trouble while he was in jail awaiting sentence after his change of plea hearing. The trial court sentenced Evans to two concurrent seven-month terms in prison. Evans received zero days credit for time spent in jail for these two offenses.
 {¶ 10} Evans now appeals the trial court's judgment and raises the following three assignment of errors: "I. The Trial Court erred as a matter of law and to the prejudice of defendant by denying appellant's motion to dismiss the felony indictment where the felony charge was enhanced by uncounseled pleas that resulted in incarceration. II. The Trial Court erred as a matter of law and abuse of discretion by denying appellant's request to terminate his attorney's representation and withdraw his plea of guilty and proceed to trial. III. The sentence imposed is contrary to law where the required sentencing findings are absent."
 II. {¶ 11} Evans argues in his first assignment of error that the offense of violating a protection order cannot be enhanced to a felony of the fifth degree by a prior offense when the prior offense involved an uncounseled plea. Evans contends that the trial court should have granted his motion to dismiss.
 {¶ 12} Where a court has subject-matter jurisdiction, a voluntary, intelligent plea of guilty entered by a defendant who is represented by competent counsel operates as a waiver of all non-jurisdictional defects in prior stages of the proceedings.Ross v. Court (1972), 30 Ohio St.2d 323; State v. Brown
(1988), 33 Ohio App.3d 39; State v. Price (Sept. 30, 1997), Franklin App. No. 97 APA 02-151; State v. Cantlebarry (July 27, 1995), Richland App. No. 94-CA-81.
 {¶ 13} Here, the trial court had subject matter jurisdiction over the offense of violating a protection order. At the Crim.R. 11 hearing, Evans (1) entered a plea of guilty, (2) told the judge that no promises, threats or inducements caused him to pled guilty other than the promises involving the plea agreement and (3) repeatedly told the judge that he understood each of his rights and did not have any questions. His attorney negotiated an agreement with the state that involved pleading to just two fifth degree felonies instead of the original six felonies, i.e. charges of one fourth degree felony and five fifth degree felonies. Evans' counsel also challenged the enhancement of the offense of violating a protection order but the trial court overruled his motion. Hence, we find that Evans' entered his guilty pleas voluntarily, understood what he was doing and had competent counsel. Consequently, Evans waived all the non-jurisdictional defects in the prior stages of the proceeding, which included the alleged defect that the state could not use his prior uncounseled plea to enhance the offense of violating a protection order.
 {¶ 14} Accordingly, we overrule Evans' first assignment of error.
 III. {¶ 15} Evans raises two issues in his second assignment of error: (1) whether the trial court erred when it denied his request to terminate counsel, and (2) whether the trial court erred when it denied his motion to withdraw his pleas of guilty. However, Evans' argument in support of his assignment of error relates only to the second of these issues. Evans made no argument and cited no authority regarding the first issue raised by his assignment of error. Therefore, we limit our analysis to the second issue raised by Evans. See App.R. 12(A)(1)(b) and App.R. 16(A)(7).
 {¶ 16} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary.Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. 1992,63 Ohio St.3d 498; Wilmington Steel Products, Inc. v. Cleve.Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.In re Jane Doe I (1990), 57 Ohio St.3d 135, 138, citing Berkv. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 17} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Crim.R. 32.1. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Xie at paragraph one of the syllabus.
 {¶ 18} Here, the trial court conducted a hearing, just before the sentencing hearing, to determine Evans' basis for wanting to withdraw his pleas. After reviewing the withdrawal of pleas' hearing, we do not find any reasonable and legitimate basis that would allow Evans to withdraw his pleas. Evans' counsel (1) never mentioned what the "substantial defense" was; (2) admitted that he was not aware of any additional evidence since the change of plea hearing; and (3) admitted that he never put on the record as part of the negotiated plea that Evans had to leave the C Range and go to the D Range. We disagree with Evans' counsel that the interests of justice are served just because someone changes his mind about wanting a trial. We further disagree with Evans that the officer coerced him into pleading guilty when he asked him twice, "Why don't you just take the state's offer?"
 {¶ 19} Finally, we agree with the trial court that Evans would not win the speedy trial issue. The record shows that Evans was arrested for the five offenses of violating a protection order on December 30, 2002. However, his attorney waived Evans' right to a speedy trial on January 13, 2003. See State v.McBreen (1978), 54 Ohio St.2d 315 (a defendant is bound to a waiver of speedy trial executed by his lawyer for the purpose of trial preparation); State v. McRae (1978), 55 Ohio St.2d 149. The record further shows that a summons was issued for Evans in the assault on a peace officer offense, and that he had a recognizance bond, which he refused to sign and thus remained in jail. However, Evans was indicted on this charge on May 30, 2003 and received his summons on June 2, 2003. He entered his guilty plea on August 15, 2003, which was well within the ninety days the state had to bring him to trial.
 {¶ 20} In addition, Evans was serving a sentence from another court. He told the trial court at his withdrawal of plea hearing that he was still in jail but that his outdate on that sentence should have been about five months after December 20, 2002. He told the judge at his change of plea hearing on August 15, 2003 that he was in jail for a misdemeanor, and that he knew that his felony sentences would run consecutive to his current jail time. At the withdrawal of plea hearing, the trial court said, "Let me just say to you that [your attorney], on numerous occasions, mentioned the speedy trial to me and I denied it because you were serving a sentence [from another court on other charges.] We agree because "[a] defendant is not entitled to a discharge under the provisions of R.C. 2945.71, where he was in jail at the time the indictment was returned and was detained in jail for more than two terms thereafter but such detention in jail was not solely because of that indictment." State v. Fairbanks (1972),32 Ohio St.2d 34, paragraph two of the syllabus. Under the triple count provisions of R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge
shall be counted as three days." (Emphasis added.) Thus, the state had two hundred and seventy days to bring Evans to trial, instead of ninety.
 {¶ 21} Hence, we find that Evans did not provide the trial court with a reasonable and legitimate basis to withdraw his plea. Consequently, we find that the trial court did not abuse its discretion when it denied Evans' request.
 {¶ 22} Accordingly, we overrule Evans second assignment of error.
 IV. {¶ 23} Evans argues in his third assignment of error that the trial court erred by imposing two concurrent seven-month sentences. Evans contends that the record does not address all the guidelines the court must follow.
 {¶ 24} R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 25} Evans does not dispute that he and the prosecution recommended his sentence jointly and that the sentencing judge imposed it. Thus, the only question before us is whether the law allows his sentence. A jointly recommended sentence is "authorized by law" if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose. Statev. Schoolcraft, Pike App. No. 01CA673, 2002-Ohio-3583; State v.Martin, Lawrence App. No. 01CA24, 2002-Ohio-6140; State v.McMillen, Vinton App. No. 01CA564, 2002-Ohio-2863; State v.Benner (Aug. 1, 2001), Athens App. No. 00CA32; State v. Riley
(June 12, 2001), Athens App. No. 00CA44; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07.
 {¶ 26} Here, Evans pled guilty to two felonies of the fifth degree. The maximum prison term that a trial court can impose for a felony of the fifth degree is twelve months. Evans received seven months in prison. Hence, Evans' sentence did not exceed the maximum allowed by law. Consequently, Evans' sentence is authorized by law and is not subject to review by this court.
 {¶ 27} Accordingly, we overrule Evans' third assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.