[Cite as *State v. Roush*, 2012-Ohio-6188.]


IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO


STATE OF OHIO                                   :

    Plaintiff-Appellee                   :          C.A. CASE NO.    24759

v.                                              :          T.C. NO.    10CR4082

DANNY L. ROUSH                                  :            (Criminal appeal from
                                                           Common Pleas Court)

    Defendant-Appellant                  :

                                                :

. . . . . . . . . .

# O P I N I O N

Rendered on the ____28th____ day of ____December____, 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

DANNY L. ROUSH, c/o Volunteers of America, 1931 Gettysburg Avenue, Dayton, Ohio 45417
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Danny L. Roush appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion to withdraw his guilty plea after he was convicted of one count of domestic violence.  Roush's offense was a felony of the third degree because he had two prior convictions for domestic violence.  He was sentenced to two years of incarceration.

{¶ 2}  Roush's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal.  By entry, we informed Roush that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.  Roush did not file a pro se brief or raise any additional issues for review.

{¶ 3}  In his motion to withdraw his plea, Roush contended that he should be allowed to withdraw his plea because he "recently" discovered that the judgment entry for one of the prior offenses failed to satisfy the requirements of Crim.R. 32(C) and, therefore, should not have been relied upon to enhance the degree of his offense.  The trial court denied his motion to withdraw the plea.  Counsel's brief focuses on this issue, although counsel found no arguable error.

{¶ 4}  Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases,  *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), and a defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice.  Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph one of the syllabus.

{¶ 5} Consideration of a motion to withdraw a plea after sentencing is addressed to the sound discretion of the trial court. *Id.*, citing *Smith* at paragraph two of the syllabus. Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard. *Id.*, citing *State v. Adams*, 62 Ohio St .2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.*

{¶ 6} In accepting Roush's plea, the trial court found, based on Roush's admission, that he had two prior convictions for domestic violence, specifically in Dayton Municipal Court Case No. 2004 CRB 3864 and in Montgomery County Common Pleas Court Case No. 2005-CR-1825. Based on the two prior convictions, Roush was charged in the current case with a felony of the third degree. R.C. 2919.25(D)(4). With only one prior conviction, he would presumably have been charged with a felony of the fourth degree. R.C. 2919.25(D)(3).

{¶ 7} In his motion to withdraw his plea, Roush challenged his conviction in the municipal court case, Case No. 2004 CRB 3864, alleging that the judgment in that case failed to adequately "set forth the plea, the verdict, or findings, upon which [the] conviction is based, and the sentence," in violation of Crim.R. 32(C). The entry in that case contained the abbreviations "N.C., F.G." which the trial court in this case interpreted to mean that Roush entered a "no contest" plea and was "found guilty." As stated above, Roush claimed in his motion to withdraw his plea that these notations failed to satisfy Crim.R. 32(C).

{¶ 8} On May 27, 2011, which was after Roush filed his motion to withdraw his plea, but before the trial court ruled on it, the Dayton Municipal Court filed a nunc pro tunc entry that

corrected the entry of May 17, 2004, using words, rather than abbreviations, to express its findings. According to the trial court's decision and entry on the motion to withdraw the plea, the trial court's interpretation of the municipal court's notations on the May 17, 2004, entry was "entirely consistent" with the expanded statement in the nunc pro tunc entry.

{¶ 9}   . After discussing the purpose of Crim.R. 32(C) and the proper use of a nunc pro tunc entry, the trial court concluded that 1) the 2004 judgment entry "essentially complie[d]" with Crim.R. 32(C) because the abbreviations reveal[ed] that the Defendant entered a plea of no contest and was found guilty by the court," and 2) even if the 2004 entry did not comply with Crim.R. 32(C), the nunc pro tunc entry filed on May 27, 2011, did comply with Crim.R. 32(C) and eliminated any problem with the court's reliance on or interpretation of the original judgment. The court rejected Roush's argument that the nunc pro tunc entry should not be recognized because it would violate the principles of ex post facto and retroactive punishment, observing that Roush was not faced with a more severe penalty as a result of the nunc pro tunc entry than was contemplated at the time of his plea; Roush had admitted the existence of both prior convictions when he entered his plea, and he knew at the time of the plea that he was pleading to a third degree felony due to two prior convictions.

{¶ 10}   We agree with the trial court's conclusions related to the effect of the nunc pro tunc entry and the knowing entry of Roush's guilty plea in this case. As such, we need not address whether the municipal court's original judgment entry in Case No. 2004 CRB 3864 sufficiently stated its findings or "essentially complied" with Crim.R. 32(C). Moreover, a guilty plea properly entered by a defendant who is represented by competent counsel waives of all non-jurisdictional defects in prior stages of the proceedings. *State v. Evans*, 4th Dist. Scioto No.

03CA2913, 2004-Ohio-1013, ¶ 12, citing *Ross v. Court*, 30 Ohio St.2d 323, 285 N.E.2d 25 (1972). Under the facts presented in this case, the form of the conviction in the municipal court and its clarification by means of a nunc pro tunc entry did not create a manifest injustice or compel the withdrawal of Roush's plea, and, in any event, Roush had waived the alleged error.

{¶ 11} Pursuant to our duty under *Penson v. Ohio*, 488 U .S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit.

{¶ 12} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Michael H. Holz
Danny L. Roush
Hon. Timothy N. O'Connell