The State of Ohio, Appellee, *v.* McRae, Appellant.

[Cite as State v. McRae (1978), 55 Ohio St. 2d 149.]

(No. 77-1071—Decided July 19, 1978.)

150

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. Peter Wettstein,* for appellee.

*Messrs. Gould, Reichert & Strauss* and *Mr. Thomas M. Gould,* for appellant.

*Per Curiam.* The main issues presented by the instant cause are (1) whether the constitutional right to a speedy trial, as implemented in this state by R. C. 2945.71 through 2945.73, can be waived by the attorney of an accused where the accused is not aware of or informed of the waiver and (2) whether a court's scheduling a trial for a date beyond the speedy trial deadline constitutes a ''continuance granted other than upon the accused's own motion'' pursuant to R. C. 2945.72(H) when that trial date is one which the accused's attorney specifically agrees to in a pre-trial conference in which the judge and the attorneys for both sides participate.

I.

R. C. 2945.71(C) provides that a person charged with a felony ''[s]hall be brought to trial within two hundred seventy days after his arrest,'' and R. C. 2945.71(D) computes each of those days ''during which the accused is held in jail in lieu of bail on the pending charge * * * as three days.'' R. C. 2945.73 requires that a person so charged and not brought to trial within the time limits of R. C. 2945.71

and 2945.72 be discharged "[u]pon motion made at or prior to the commencement of trial." (Such discharge, pursuant to R. C. 2945.73[D], serves as a bar to any further criminal proceedings against the accused based on the same conduct.) Finally, R. C. 2945.72(H) extends the time limits of R. C. 2945.71 by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

Appellant was charged with a felony, and he was held in jail in lieu of bail on the pending charge well over 90 calendar days (270 statutory days) before he was brought to trial. Moreover, he made an R. C. 2945.73 motion to dismiss the charge prior to the commencement of the trial. Therefore, appellant's motion to dismiss must be granted unless (1) when the court set the trial date for June 7, it granted a continuance "other than upon the accused's own motion" pursuant to R. C. 2945.72(H); *and* (2) appellant's attorney's agreement to that trial date was done with appellant's consent or the attorney had the power to make such an agreement (and, consequently, waive appellant's constitutional right to a speedy trial) without his client's consent.

Whether appellant consented to his attorney's agreement to the June 7 trial date is not clear on the face of the record.[2] However, even if we assume that appellant did not consent to his attorney's acquiescence in the June 7 trial date, we do not find his lack of consent to invalidate the agreement to set the trial for June 7. In *State* v. *McBreen* (1978), 54 Ohio St. 2d 315, the syllabus provides:

"A defendant's right to be brought to trial within the time limits expressed in R. C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent."

---

[2] Although appellant said nothing when his attorney acknowledged the trial date at the bond reduction hearing, appellant was not present at the pre-trial hearing when the date was actually set.

Since appellant's counsel requested a time extension *after* the June 7 trial date had passed for reasons of trial preparation, it stands to reason that his agreement to the June 7 date was also made with such considerations in mind. We therefore find the *McBreen* holding to control the instant cause and that appellant is bound by his attorney's waiver of his constitutional right to a speedy trial.

## II.

The second issue before this court is whether, when the trial judge set and appellant's attorney agreed to the June 7 trial date, the court granted an R. C. 2945.72(H) "continuance other than upon the accused's own motion" which extended the speedy trial time limits of R. C. 2945.-71.[3]

When a trial date is set beyond the time limits of R. C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R. C. 2945.72(H). *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 109; *State* v. *Tope* (1978), 53 Ohio St. 2d 250. However, the trial court has the discretion to extend the time limits of R. C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits. *State* v. *Davis*

---

[3]The Court of Appeals for Hamilton County determined that the instant cause is controlled by its holding in *State* v. *Davis* (1975), 44 Ohio App. 2d 95, in which the majority opinion found an accused's acquiescence in a trial date set after the R. C. 2945.71 deadline to constitute a continuance secured on the defendant's own motion pursuant to the first portion of R. C. 2945.72(H). We disagree. To begin with, if the words of the statute are to be given their common ordinary and accepted meaning as this court said they were in *State* v. *Singer* (1977), 50 Ohio St. 2d 103, at page 108, acquiescence in a trial date cannot be equated with a motion by the accused for a continuance. In addition, when this court in 46 Ohio St. 2d 444, reviewed the Hamilton County Court of Appeals' treatment of the *Davis* case, we did not adopt the majority appellate opinion but stated instead, at page 449:

"We are inclined to agree with Judge Keefe's concurring opinion that the extended trial date constitutes '* * * the period of any reasonable continuance granted other than upon the accused's own motion' under the second clause of R. C. 2945.72(H)."

(1976), 46 Ohio St. 2d 444. Moreover, the trial court's exercise of that discretion constitutes a " 'continuance granted other than upon the accused's own motion' under the second clause of R. C. 2945.72(H)," *Davis, supra,* at page 449;[4] and, as long as that continuance is reasonable, it extends the time limits of R. C. 2945.71 and does not deny an accused the right to a speedy trial. *Davis, supra,* at pages 448-449, and *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 209. Whether such a continuance is reasonable must be affirmatively demonstrated in some manner in the trial court. *Lee, supra,* at page 209. Since the record in the instant cause reveals that appellant's defense counsel was appointed only two weeks before the trial date was set and that it was later necessary for him to request a continuance of the trial date beyond June 7, we find the reasonableness of the continuance to be demonstrated in the record. Appellant's claim that he should be discharged pursuant to R. C. 2945.73(B) is without merit, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and P. BROWN, J., concur in part and dissent in part.

PAUL W. BROWN, J., concurring in part and dissenting in part. I concur in the holding of the majority that the constitutional right to a speedy trial as implemented by

---

[4] The effect of the *Davis* opinion, *supra* (46 Ohio St. 2d 444), is to treat the setting of a trial date as if it were, literally, a continuance. While the *Davis* result appears to conflict with the statement in *State* v. *Singer, supra,* at page 109, that a continuance pursuant to the first portion of R. C. 2945.72(H) must actually take the form of a continuance, in view of the *Singer* opinion's silence on the subject of *Davis,* we must conclude that an agreement by all parties to a post-statutory trial date constitutes a limited exception to the general *Singer* rule.

R. C. 2945.71 through 2945.73 can be waived by the attorney of the accused even though the accused is not aware of or informed about the waiver. I disagree in the holding that a court's scheduling of a trial for a date beyond the speedy trial deadline constitutes a "continuance granted other than on the accused's own motion," pursuant to R. C. 2945.72(H), under the circumstances of the instant cause, which in my view do not differ in any material way from the facts in *State* v. *Singer* (1977), 50 Ohio St. 2d 103. We held there that acquiescence by the defendant was insufficient to constitute waiver; that to permit acquiescence to suffice is to permit the evasion of the statute.

Clearly, the duty has been placed upon the court[5] to bring the accused to trial within the statutory period. Under the facts of this case, the trial court could have placed the onus upon the defendant and his counsel by reciting in its journal entry, at the time the case was set for trial, all the circumstances, reasons and acquiescences connected with the setting of the trial beyond the statutory date. Its failure to do so characterizes the delay as *not* a continuance other than at the request of the defendant or his counsel and does not constitute a waiver by the defendant or his counsel and requires that the defendant be released.

O'NEILL, C. J., concurs in the foregoing concurring and dissenting opinion.

---

[5]See *State* v. *Singer, supra*; *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Gray* (1964), 1 Ohio St. 2d 21; and *State* v. *Cross* (1971), 26 Ohio St. 2d 270.