[Cite as *State v. Vanscoy*, 2014-Ohio-3482.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26964 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY L. VANSCOY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 12 07 1910 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

BELFANCE, Judge.

{¶1} Defendant-Appellant Gregory Vanscoy appeals from the decisions of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and vacate in part.

I.

{¶2} Mr. Vanscoy was arrested on July 5, 2012, after he grabbed a 17-year-old girl on the University of Akron Campus. He was subsequently indicted on one count of abduction, a felony of the third degree, and one count of assault, a misdemeanor of the first degree. After numerous continuances, granted for varying reasons, and following the appointment of new counsel, on May 23, 2013, Mr. Vanscoy filed a motion to dismiss alleging a violation of his right to a speedy trial. That motion was denied May 28, 2013. Mr. Vanscoy entered a plea of no contest to the charges and was sentenced on May 31, 2013, to 2 years in prison. In addition, the sentencing entry provided that Mr. Vanscoy was to have no contact with the victim.

**{¶3}** Mr. Vanscoy has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED VANSCOY'S MOTION TO DISMISS THE INDICTMENT ON SPEEDY TRIAL GROUNDS.

**{¶4}** Mr. Vanscoy asserts in his first assignment of error that trial court erred in denying his motion to dismiss on speedy trial grounds.

**{¶5}** This Court has previously stated:

> "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). There is also a statutory right to a speedy trial in Ohio. "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). Under Section 2945.71(C)(2) of the Ohio Revised Code, a person charged with a felony must be brought to trial within 270 days of his arrest.

*State v. Jackson*, 9th Dist. Lorain No. 11CA010012, 2012-Ohio-3524, ¶ 8. R.C. 2945.71(E) provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "The defendant's speedy trial clock begins to run on the day after arrest or service of summons." *State v. Williams*, 9th Dist. Lorain No. 11CA010026, 2012-Ohio-3417, ¶ 25. "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 15.

**{¶6}** "Because the General Assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances." *Id*. at ¶ 24. R.C. 2945.72 provides that

> [t]he time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶7} "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *Ramey* at 24, quoting R.C. 2945.72. Thus, the "extensions under the statute are to be strictly construed, and not liberalized in favor of the state." (Internal quotations and citation omitted.) *Id.*

{¶8} Additionally, "[a]n accused may also waive his speedy trial rights as long as the waiver is knowingly and voluntarily made." (Internal quotations and citations omitted.) *State v. Fields,* 9th Dist. Wayne No. 12CA0045, 2013-Ohio-4970, ¶ 10. "[A]n accused's 'waiver must be expressed in writing or *made in open court on the record.*'" (Emphasis added in *Fields*.) *Id.,* quoting *Akron v. Robinson*, 9th Dist. Summit No. 20674, 2002 WL 498173, *1 (Apr. 3, 2002), citing *State v. King*, 70 Ohio St.3d 158 (1994), syllabus.

{¶9} Mr. Vanscoy was arrested on July 5, 2012, and thus the speedy-trial clock began running July 6, 2012. During the entire pendency of the case, Mr. Vanscoy remained in jail and was thus entitled to the benefit of the triple-count provision in R.C. 2945.71(E). Between July 6, 2012, and May 23, 2013, the day Mr. Vanscoy filed his motion to dismiss, 321 days elapsed. Thus, absent waiver or tolling events, Mr. Vanscoy was entitled to be discharged upon filing his motion to dismiss. *See* R.C. 2945.73(B).

{¶10} Therefore, we turn to examining whether there were any tolling events or waivers that would impact the running of the speedy trial time. Time ran from the day after Mr. Vanscoy's arrest on July 6, 2012, until the scheduled day of his arraignment, July 20, 2012, resulting in 14 days elapsing. Mr. Vanscoy's arraignment was continued until July 25, 2012, and the journal entry reflecting the continuance indicates that the time (5 days) was charged to Mr. Vanscoy. Mr. Vanscoy does not dispute that this time is chargeable to him. Time began to run again as of Mr. Vanscoy's arraignment on July 25, 2012, and continued to do so until the date of the first scheduled pretrial on July 30, 2012, bringing the total count to 19 days.

{¶11} Mr. Vanscoy concedes that the time between July 30, 2012 and October 15, 2012, is chargeable to him. However, the parties disagree as to whether the time period from October

15, 2012 to January 9, 2013, was tolled.  On October 15, 2012, the following exchange occurred at the pretrial hearing:

> [Prosecutor]:  Your Honor, we've had quite a bit of discussion regarding possible pleas in this case.   Although we'll continue to work towards resolution, at this time I think both parties feel it is best to get a trial date.
>
> [Mr. Vanscoy's counsel]:  I agree.
>
> The Bailiff:  What's the trial deadline?
>
> [Prosecutor]:  You know, the original trial deadline is going to kind of be tolled in this case, because all of our time since the first pretrial has been tolled, either through continuance motions or competency.   I also believe [Mr. Vanscoy's counsel] will agree to time once we arrive at a date.
>
> [Mr. Vanscoy's counsel]: I do.
>
> The Bailiff:  Sometime in January will be okay?
>
> [Mr. Vanscoy's counsel]:  Yes.
>
> The Bailiff:  How about Thursday January 10th?
>
> [Prosecutor]:  Yes.
>
> [Mr. Vanscoy's counsel]:  That's good.
>
> The Bailiff:  Thursday, January 10th for a trial date at 9 a.m., with a final pretrial – we're going to do the final pretrial December 17th.
>
> The Court:  [Mr. Vanscoy's counsel], are you okay with those dates?
>
> * * *
>
> [Mr. Vanscoy's counsel]:  Yes, I'm okay with that.
>
> * * *
>
> [Prosecutor]:  I'm sorry, before we do that, just for the record, I believe counsel – and I don't think it is a problem because of the continuances, but I believe counsel is prepared to agree this is within time.
>
> The Court:  He already did.
>
> [Prosecutor]:  He said he would before we got the dates.  I may have missed that part.

[Mr. Vanscoy's counsel]: We're good. We're good.

While the State contends the above conversation demonstrates waiver, we conclude that this block of time more appropriately fits within tolling under the statute.

**{¶12}** R.C. 2945.72(H) tolls speedy trial time for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" Concerning similar situations, the Supreme Court has stated that, "[w]hen a trial date is set beyond the time limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H)." *State v. McRae,* 55 Ohio St.2d 149, 152 (1978). "However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits." *Id.* "Moreover, the trial court's exercise of that discretion constitutes a continuance granted other than upon the accused's own motion under the second clause of R.C. 2945.72(H), and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial." *Id.* at 153; *see* also *Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, at ¶ 28 ("When a trial court exercises its discretion to continue the period for trial beyond the statutory limit, the continuance is entered under the second clause of subsection (H) and, therefore, the period of continuance must be reasonable."). "Whether such a continuance is reasonable must be affirmatively demonstrated in some manner in the trial court." *McRae* at 153.

**{¶13}** Ideally, when granting a continuance under the second half of R.C. 2945.72(H), "'the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to

trial.'" *Ramey* at ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus. If the trial court imperfectly handles continuances under R.C. 2945.72(H), then the appellate court "may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Ramey* at ¶ 33.

{¶14} In the instant matter the trial court entered an order filed on October 22, 2012, indicating that the final pretrial was scheduled for December 17, 2012, and trial was set for January 10, 2013. However, the trial court did not specify any reasons for continuing the trial past the speedy trial deadline in that entry. We note that, while the pretrial date, when taking into account the prior tolling events, would have been within the speedy-trial time, the trial date of January 10, 2013, would have been outside that time, even when taking into account other tolling events. Trial counsel acquiesced to the trial date and therefore the trial court had discretion to extend the trial date beyond the statutory time limit under the second clause of R.C. 2945.72(H), if the continuance was reasonable as affirmatively demonstrated by the record. *Id*.

{¶15} As reflected in the exchange above, the record indicates that the trial court's exercise of its discretion to set the trial in January was reasonable. The content of the conversation reflects that plea negotiations were ongoing, and defense counsel was actively participating in the effort to set a trial date amenable to counsel's schedule. Mr. Vanscoy's counsel did not simply sit by and fail to object to setting the trial in January and, thus, was not the passive recipient of a directive of the trial court; instead, the record evidences that Mr. Vanscoy's counsel actively participated in the scheduling and ultimately agreed to setting the trial at that time. Thus, in the light of the content of the conversations occurring at the October 15, 2012 pretrial, we conclude that the period of continuance was reasonable as affirmatively

demonstrated by the record, and, thus, the time for speedy trial was tolled between October 15, 2012 and January 14, 2013.

{¶16} A January 10, 2013 entry of the trial court reflects that, on January 9, 2013, Mr. Vanscoy's counsel requested that the January 10, 2013 trial date be vacated and that a status conference be set for January 14, 2013. Mr. Vanscoy's counsel's motion was granted. Mr. Vanscoy concedes that period of time is chargeable him. We agree, particularly considering that Mr. Vanscoy's counsel's motion would seem to be a request for a continuance. *See* R.C. 2945.72(H) (providing tolling for "[t]he period of any continuance granted on the accused's own motion"); *see also State v. Stamps,* 127 Ohio App.3d 219, 224 (1st Dist.1998) ("[A]n explanation for a continuance in a journal entry is not necessary, though certainly recommended, when a continuance is requested by and granted to a defendant.").

{¶17} Despite that motion for a continuance, Mr. Vanscoy asserts that the time period between January 14, 2013 and February 25, 2013, was chargeable to the State. It appears that at the January 14, 2013 status conference, a pretrial was scheduled for February 25, 2013, and trial was set for March 7, 2013. While there is no transcript of that conference, an entry dated January 14, 2013, and filed January 17, 2013, states that, "[u]pon agreement of the parties, the above matter is hereby scheduled for a final pretrial Feb 25, 2013[,] and a trial March 7, 2013." This could be viewed as a sua sponte continuance by the trial court covered by the second half of R.C. 2945.72(H). As noted above, "the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits." *McRae,* 55 Ohio St.2d at 152-153. "[T]he trial court's exercise of that discretion constitutes a continuance granted other than upon the accused's own motion under the second clause of R.C. 2945.72(H), and, as long as that continuance is reasonable, it extends the time

limits of R.C. 2945.71[.]" (Internal quotations and citations omitted.) *Id.* That time period could be viewed as a "period of delay necessitated by reason of * * * motion * * * made or instituted by the accused[.]" *See* R.C. 2945.72(E); *see also State v. George,* 12th Dist. Butler No. CA83-04-034, 1984 WL 3319, *2-*3 (Apr. 30, 1984); *State v. Marbury,* 192 Ohio App.3d 210, 2011-Ohio-879, ¶ 14-15 (2d Dist.); *Marbury* at ¶ 23 (Grady, P.J., concurring) ("When a period of delay resulting from a continuance follows and has an apparent connection with a motion or other action of the accused, the presumption of regularity creates a corresponding presumption that the period of delay was 'necessitated' for purposes of R.C. 2945.72(E)."). In other words, had Mr. Vanscoy not moved to vacate the January 10, 2013 trial date and requested the January 14, 2013 status conference, there would be no need for the February 25, 2013 pretrial or the March 7, 2013 trial date. In addition, the trial court's journal entry reflects that the parties agreed to the dates set forth in the January 17, 2013 entry. Given the circumstances surrounding this time frame that are evident in the record, we conclude that time was tolled between January 14, 2013 to February 25, 2013.

{¶18} Mr. Vanscoy concedes that the time from February 25, 2013 until March 4, 2013, is properly charged to him due to the continuance of the scheduled pretrial.

{¶19} On March 4, 2013, a pretrial was held at which both the State and Mr. Vanscoy jointly moved for a continuance of the trial date due to the unavailability of a witness. An agreed trial date of April 16, 2013, was set and a final pretrial was scheduled for April 8, 2013. In addition, Mr. Vanscoy's counsel agreed with the State that the trial date "is within time." Mr. Vanscoy also concedes that this time frame is properly charged to him.

{¶20} On April 8, 2013, the record reflects that Mr. Vanscoy's counsel failed to appear for the pretrial, necessitating that it be rescheduled until April 12, 2013. Mr. Vanscoy concedes

that this time is properly charged to him. The entry related to the April 12, 2013 pretrial provides that Mr. Vanscoy's counsel was replaced with new counsel. While the entry does not provide a reason, the transcript of the hearing indicates that Mr. Vanscoy's counsel again failed to appear, and the trial court offered Mr. Vanscoy new counsel while informing him that doing so would require that the proceedings be further delayed. Mr. Vanscoy agreed to have new counsel appointed. A status call was thus scheduled for April 22, 2013, and the April 16, 2013 trial date was vacated. The transcript indicates that the trial and pretrial were being postponed because "the defendant's lawyer did not show up and we can't go to trial without him." Mr. Vanscoy concedes that the time from April 12, 2013 to April 22, 2013 is properly charged to him.

**{¶21}** Mr. Vanscoy next challenges the period of time from April 22, 2013 to May 23, 2013, the date Mr. Vanscoy filed his motion to dismiss. This period amounts to 31 days. Even assuming that this time was not tolled, as only 19 days had passed for purposes of speedy trial up until this point, we cannot say that the trial court erred when it denied Mr. Vanscoy's motion to dismiss on May 28, 2013. *See Stevens,* 2012-Ohio-4095, at ¶ 12 (noting the time period between when motion to dismiss is filed and when it was ruled upon is tolled).

**{¶22}** While Mr. Vanscoy also mentions his constitutional right to a speedy trial in brief on appeal, he has not developed any separate argument related to that issue. Thus, that argument is overruled on that basis. *See* App.R. 16(A)(7). Mr. Vanscoy's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT ORDERED VANSCOY TO HAVE "NO CONTACT" WITH THE VICTIM.

**{¶23}** Mr. Vanscoy asserts in his second assignment of error that the trial court erred in ordering Mr. Vanscoy to have no contact with the victim in its sentencing entry when Mr. Vanscoy was never informed of that provision at the sentencing hearing.

**{¶24}** Assuming without deciding that the trial court had the authority to order Mr. Vanscoy to not have contact with the victim, *see State v. Anderson,* 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 39,[1] because the trial court failed to inform Mr. Vanscoy of the no-contact provision at sentencing, the trial court could not impose such a requirement in its sentencing entry. Pursuant to Crim.R. 43(A), "the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence[.]" Thus, a trial court cannot impose a sentence that was not ordered at the sentencing hearing. *See State v. Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. Thus, we vacate the portion of the sentencing entry that ordered Mr. Vanscoy not to have contact with the victim. The State concedes that a no-contact provision is not a mandatory portion of the sentence and, thus, does not seek resentencing.

III.

**{¶25}** The portion of Mr. Vanscoy's sentencing entry that imposes a no-contact order is vacated, and the remainder of the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed in part,<br>and vacated in part.

———

There were reasonable grounds for this appeal.

---

[1] *But see Anderson* at ¶ 46-58 (Belfance, P.J., concurring in part, and dissenting in part).

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

EVE V. BELFANCE
FOR THE COURT


HENSAL, J.
CONCURS.

MOORE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.