[Cite as *State v. Evans*, 2018-Ohio-3129.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170420 |
| | | TRIAL NOS. B-1600444 |
| Plaintiff-Appellee, | : | B-1700990 |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| GERMAINE EVANS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 8, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} Defendant-appellant Germaine Evans was convicted of aggravated robbery under R.C. 2911.01(A)(1), with accompanying firearm specifications, robbery under R.C. 2911.02(A)(2), and carrying concealed weapons under R.C. 2923.12(A)(2). We find merit in one of his three assignments of error because he was improperly convicted of allied offenses of similar import. We vacate two of the sentences on that basis, and we remand the cause to the trial court for the state to elect the count on which to proceed. We affirm the trial court's judgment in all other respects.

### I. Facts and Procedure

{¶2} The record shows that on December 15, 2015, Evans was charged in juvenile court with aggravated robbery, carrying concealed weapons, and receiving stolen property. The following day, the state filed a motion asking the juvenile court to relinquish jurisdiction under Juv.R. 30. Evans filed a motion in opposition, in which he challenged the constitutionality of the mandatory-bindover statutes.

{¶3} The juvenile court held a hearing on the motion. It found that because Evans was 17 years of age at the time of the offenses and was charged with aggravated robbery, bindover was mandatory. On January 22, 2016, the court journalized an entry relinquishing jurisdiction to the common pleas court.

{¶4} Evans was indicted on aggravated robbery, robbery and carrying concealed weapons on February 4, 2016. On May 23, 2016, Evans filed a motion in opposition to the juvenile court's relinquishment of jurisdiction in which he again challenged the constitutionality of the mandatory-bindover statutes. The court granted series of continuances at Evans's request. In one of the entries granting a

2

continuance, the court specifically stated that the case was "pended [sic] until the Ohio Supreme Court rules on *State v. Aalim*, #2015-0677."

{¶5} On December 22, 2016, the Ohio Supreme Court decided *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862 ("*Aalim I*"). It held that "[t]he mandatory transfer of juveniles to the general division of the common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution." *Id.* at paragraph one of the syllabus. But it also stated that the "transfer of juveniles amenable to adult court may still occur via the discretionary-transfer process set forth in R.C. 2152.10(B) and 2152.12(B) through (E)." *Id.* at ¶ 28.

{¶6} That same day, Evans filed a motion in the common pleas court to dismiss the indictment. On January 9, 2017, the court remanded the cause to the juvenile court on the authority of *Aalim I* for proceedings under the statutes allowing discretionary bindover. Subsequently, it dismissed the indictment.

{¶7} The juvenile court held an amenability hearing. It journalized an entry on February 9, 2017, relinquishing jurisdiction and transferring the case to adult court. Evans was again indicted on charges of aggravated robbery, robbery and carrying concealed weapons.

{¶8} On May 1, 2017, Evans filed a motion to dismiss for speedy-trial violations. The trial court overruled the motion on June 28, 2017, following another series of continuances. On June 29, 2017, Evans entered no-contest pleas to all three counts of the indictment. The trial court found him guilty of all counts. At the sentencing hearing, the court indicated that it was going to merge the aggravated-robbery and robbery counts. But in the final judgment entry, the court sentenced him to terms of incarceration on all three counts, to be served concurrently. This appeal followed.

3

## II. Speedy Trial

{¶9} In his first assignment of error, Evans contends that the trial court erred in denying his motion to dismiss. He argues that the state's delay in bringing him to trial violated his statutory and constitutional rights to a speedy trial. This assignment of error is not well taken.

{¶10} Our review of the trial court's decision involves mixed questions of fact and law. We give due weight to the inferences drawn from the facts found by the trial court as long as they are supported by competent, credible evidence. We review the trial court's conclusions of law de novo to determine whether the facts satisfy the applicable legal standard. *State v. Gage*, 2018-Ohio-480, __ N.E.3d ____, ¶ 5 (1st Dist.).

### A. Statutory Right to a Speedy Trial

{¶11} R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest. Because Evans was held in jail in lieu of bail on the pending charge, each day must be counted as three days. R.C. 2945.71(E).

{¶12} Evans was not tried within 270 days of his arrest. Therefore, he established a prima facie violation of the speedy-trial statutes. *Gage* at ¶ 7; *State v. Brewster*, 157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162, ¶ 5 (1st Dist.). The state bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant was tried within the speedy-trial period. *Gage* at ¶ 7; *State v. Matthews*, 1st Dist. Hamilton Nos. C-060669 and C-060692, 2007-Ohio-4881, ¶ 28. Extensions of the time period within which the state must try the accused are permissible only for the reasons expressed in R.C. 2945.72. *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988); *Gage* at ¶ 8.

4

{¶13}   In cases involving juvenile bindovers, the time begins to run on the day after a juvenile court relinquishes jurisdiction.  *State v. Bickerstaff*, 10 Ohio St.3d 62, 67, 461 N.E.2d 892 (1984); *State v. Smith*, 1st Dist. Hamilton No. C-820341, 1983 WL 8742, *3 (Mar. 16, 1983).  The trial court relinquished jurisdiction on January 22, 2016, so the time began to run the following day, January 23, 2016, contrary to Evans's assertion that time started running on the date of the bindover.

{¶14}   The time ran until February 12, 2016, when Evans filed a demand for discovery and for a bill of particulars.  A total of 20 days elapsed.  The February 12, 2016 discovery demand tolled the speedy-trial period under R.C. 2945.72(E) for 30 days.  *See State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus; *State v. Ford*, 180 Ohio App.3d 636, 2009-Ohio-146, 906 N.E.2d 1155, ¶ 8-11 (1st Dist.), citing *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraphs one and three of the syllabus.

{¶15}   On February 25, 2016, before that 30-day period expired, the court issued the first of a series of entries of continuance at Evans's request, all of which specifically stated that he was "waiving time."  He waived time until April 11, 2016, and none of that time was chargeable to the state.  *See* R.C. 2945.72(H); *Gage*, 2018-Ohio-480, ____ N.E.3d ____, at ¶ 8 and 10.

{¶16}   The time began to run again on April 11.  It ran until April 26, 2016, when the court journalized another entry of continuance.  During that time, 15 days passed, for a total of 35 days chargeable to the state

{¶17}   The April 26, 2016 entry of continuance was the first in another series of continuances at Evans's request, all of which specifically stated that he was "waiving time."  Many of those continuances were for the express purpose of waiting until the Ohio Supreme Court ruled on *Aalim I*.  Those continuances continued until January 9, 2017.  None of that time was chargeable to the state.  On January 9, 2017,

the court of common pleas transferred the case back to juvenile court based on the Supreme Court's decision in *Aalim I.*

{¶18}  The juvenile court again relinquished jurisdiction on February 9, 2017, and the time began to run the following day.  It continued running until an entry of continuance on March 16, 2017.  34 days passed in that time, for a total of 69 days chargeable to the state.

{¶19}    The March 16, 2017 entry stated that the continuance was at Evans's request, but that he was "[n]ot waiving time."  The case was continued until May 1, 2017.  Evans contends that because the entry specifically stated that he was not waiving time, the time from March 16 until May 1 was chargeable to the state. We disagree.

{¶20}  In *State v. Foster*, 1st Dist. Hamilton No. C-080399, 2009-Ohio-1698, this court was presented the same set of facts.  We stated that "[t]olling occurs by operation of the statute, regardless of whether a waiver has been executed."  *Id.* at ¶ 52, citing *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 18.  R.C. 2945.72(H) provides that the time is tolled for "[t]he period of any continuance granted on the accused's own motion * * * ."  We concluded, therefore, that "[w]hen the court granted [the defendant's] motion for a continuance, his speedy-trial time was automatically extended pursuant to R.C. 2945.72(H).  So the * * * delay triggered by [the defendant's] continuance request was not chargeable to the state."  *Id.* at ¶ 52.  The same logic applies in this case.  Therefore, the time between the March 16 entry of continuance and May 1 was not chargeable to the state.

{¶21} On May 1, Evans filed a "Motion to Dismiss for Speedy Trial Violations," which would itself have tolled the time.  *See* R.C. 2945.72(H).  But, on that date, the court journalized the first of another series of entries of continuances,

all of which specifically stated that Evans was "waiving time." Those continuances ran until June 29, 2017, which was the day Evans entered his no-contest pleas. None of the time between May 1 and June 29 was chargeable to the state.

{¶22} Consequently, 69 days were chargeable to the state. Multiplied by three because Evans was held in jail in lieu of bail, there was a total of 207 days chargeable to the state. Therefore, Evans was tried within the 270 day speedy-trial period. The trial court did not err in overruling Evans's motion to dismiss based on the alleged violation of his statutory right to a speedy trial.

### B. Constitutional Right to a Speedy Trial

{¶23} Evans further contends that the delay violated his constitutional right to a speedy trial. Both the United States and the Ohio Constitution guarantee the right to a speedy trial. *State v. Meeker*, 26 Ohio St.2d 9, 268 N.E.2d 589 (1971), paragraph one of the syllabus; *State v. Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, ¶ 6. The right to a speedy trial applies to unjustifiable delays both before and after prosecution commences. *Meeker* at paragraph three of the syllabus; *Pierce* at ¶ 6.

{¶24} In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth a balancing test for determining whether a defendant's constitutional speedy-trial rights have been violated. The factors to be weighed are the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. No single factor is determinative. *Gage*, 2018-Ohio-480, ____ N.E.3d ____, at ¶ 25. Instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Pierce* at ¶ 7, quoting *Barker* at 533.

{¶25} Because the delay in this case was over one year, it was presumptively prejudicial. *State v. Selvage*, 80 Ohio St.3d 465, 468, 687 N.E.2d 433 (1997); *Gage* at ¶ 28. But the remaining *Barker* factors weigh in favor of the state. Most of the delay was caused by Evans's requests for continuances. Delay that is caused by the defendant does not count against the state. *Gage* at ¶ 29. Evans did not assert his speedy-trial rights until almost the end of the proceedings, so that factor weighs against him. *See Gage* at ¶ 30; *State v. Jackson*, 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 14 (1st Dist.).

{¶26} As to the actual-prejudice factor, Evans does not contend that the delay hampered his defense. *See Gage* at ¶ 31-34; He argues that he was prejudiced because he was held in jail in lieu of bail the entire time this case was pending. Though the delay was substantial, we cannot find that the pretrial incarceration was oppressive where the length of the delay was attributable to the defendant's own motions and requests for continuances. *See State v. Watson*, 10th Dist. Franklin No. 13AP-148, 2013-Ohio-5603, ¶ 32; *State v. Holmes*, 8th Dist. Cuyahoga No. 91948, 2009-Ohio-3736, ¶ 32.

{¶27} With three of the *Barker* factors weighing against Evans, we cannot hold that Evans's constitutional right to a speedy trial was violated. Therefore, the trial court did not err in denying his motion to dismiss for the alleged violation of his constitutional speedy-trial rights. We overrule his first assignment of error.

### III. Bindover

{¶28} In his second assignment of error, Evans contends that the juvenile court erred in transferring jurisdiction to the common pleas court. He argues that the evidence showed that there was sufficient time to rehabilitate him in the juvenile system. This assignment of error is not well taken.

{¶29} We note that the Ohio Supreme Court granted a motion for reconsideration and vacated its decision in *Aalim I*. In *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883 ("*Aalim II*"), it held that "the mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Id.* at ¶ 38. Nevertheless, *Aalim II* was not decided until after Evans was bound over the second time. Therefore, we review the trial court's decision under the discretionary-bindover statutes.

{¶30} R.C. 2152.12(B) governs discretionary bindovers. It permits the juvenile court to transfer to the common pleas court a case alleging a juvenile has committed an act that would be a felony if committed by an adult if the juvenile court finds that (1) at the time of the offense, the juvenile was 14 or older, (2) probable cause exists that the juvenile committed the act charged, and (3) the juvenile is not amenable to care or rehabilitation in the juvenile system. *State v. McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, ¶ 34 (1st Dist.). Because it is highly individualized and inherently fact-based, a juvenile court's amenability determination is reviewed under an abuse-of-discretion standard. *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14; *McKinney* at ¶ 34.

{¶31} When determining if a child is amenable to treatment in the juvenile system, the juvenile court must consider the factors weighing in favor of and against transfer set forth in R.C. 2152.12(D) and (E), as well as any other relevant factor. *State v. Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184, ¶ 14. The court has discretion to determine how much weight to give to any one factor, and it need only identify those factors that were applicable and that it weighed in making its determination. *Id.* at ¶ 15; *State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 38. "As long as the court considers the appropriate statutory factors

9

and there is some rational basis in the record to support the court's findings when applying those factors, [this court] cannot conclude that the trial court abused its discretion in deciding whether to transfer jurisdiction." *Marshall* at ¶ 15, quoting *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.).

{¶32} The record shows that the juvenile court considered the statutory factors. It based its decision on the circumstances of the offense, including that Evans was the principal offender and carried a firearm, the harm to the victim, and the fact that Evans was awaiting disposition on another felony charge at the time the offenses were committed. The court also noted that in the psychological report, Evans appeared to be minimizing his role, even though he had earlier taken responsibility.

{¶33} Evans mainly relies on the psychological report, which he claims shows that he was amenable to rehabilitation in the juvenile system. The record shows that the trial court read the report and considered it. But the juvenile court is entitled to disagree with the opinion of a medical expert and may take into account the severity of the offenses. *Marshall* at ¶ 21.

{¶34} Under the circumstances we cannot hold that the juvenile court's decision to transfer jurisdiction to the adult court was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 130. Consequently, we overrule Evans's second assignment of error.

### IV. Allied Offenses of Similar Import

{¶35} Finally, in his third assignment of error, Evans contends that the trial court erred in sentencing him. He argues that the trial court should have merged the

aggravated-robbery and robbery counts because they were allied offenses of similar import not committed separately or with a separate animus. This assignment of error is well taken.

{¶36} The state concedes that these two offenses should have been merged. *See State v.* Ruff, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus; *State v. Murph*, 1st Dist. Hamilton No. C-150263, 2015-Ohio-5076, ¶ 6. At the sentencing hearing, the trial court stated that the offenses should merge, but they were not merged in the judgment entry. Instead, the court ordered them to run concurrently, which is error. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26; *State v. Figgs*, 1st Dist. Hamilton No. C-150361, 2016-Ohio-3519, ¶ 12; *Murph* at ¶ 8.

{¶37} Therefore, we sustain Evans's third assignment of error. We vacate the sentences imposed on counts one and two, and remand the matter to the trial court to allow the state to elect which charge should proceed to a conviction. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 21.

### V. Summary

{¶38} In sum, we affirm Evans's conviction for carrying concealed weapons, and the guilty findings on the aggravated-robbery and robbery counts. We vacate the sentences imposed for aggravated robbery and robbery, and we remand the cause to the trial court for resentencing on those counts.

Judgment affirmed in part, sentences vacated in part, and cause remanded.

**MILLER** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.