[Cite as *State v. Smith*, 2020-Ohio-2921.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN HARRISON SMITH

    Appellant

C.A. No.     29498

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 18-06-2035

DECISION AND JOURNAL ENTRY

Dated: May 13, 2020

CARR, Presiding Judge.

{¶1} Defendant-Appellant John Smith appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms, but remands the matter for the issuance of a nunc pro tunc entry to correct the sentencing entry.

I.

{¶2} On February 13, 2018, shots were fired into a car in which the victim was a passenger. One of those shots hit the victim and proved fatal. Both Smith and Tyler Morgan were ultimately charged in relation to the events. As Smith was 16 years old at the time, proceedings began in juvenile court. On June 21, 2018, the juvenile court filed an entry transferring the matter to the court of common pleas pursuant to R.C. 2152.10.

{¶3} An indictment was filed August 14, 2018, charging Smith with three counts of murder, one count of aggravated robbery, and four counts of felonious assault. Firearm

specifications accompanied each of the charges. On August 27, 2018, an order consolidating Smith's and Morgan's cases was entered.

{¶4} At the October 2, 2018 status conference, trial was set for December 10, 2018. On November 30, 2018, the State filed a motion to continue the trial due to "a conflict in scheduling for the lead detective in th[e] case." The lead detective was "scheduled to be out-of-state during the week of trial for required training." On December 5, 2018, the trial court issued an order granting the State's motion, noting that Smith's counsel had not objected. The trial court found the continuance to be reasonable in light of the necessity of the lead detective's testimony and vacated the trial date due to the lead detective's unavailability. The trial court indicated that the trial would be reset for the earliest available date and that a status conference would be held December 10, 2018.

{¶5} At the December 10, 2018 status conference, the State indicated that the lead detective was in mandatory, out-of-state training all week and would be on vacation the following week. The State pointed out that, under the circumstances, there were certain matters to which only the lead detective could testify. The State then noted that "the next available date that works for everyone's calendar is February 4th. We did suggest some dates earlier than that; however, with counsels' schedule, understandably so, we just couldn't get it in any sooner than that."

{¶6} Smith's counsel then noted his objection to the State's motion for a continuance and asserted that the trial court granted the motion before his time to respond expired. Smith's counsel questioned whether the lead detective knew about the training when the trial date was set and also whether the training could be done at some other time. The trial court expressed its frustration with having to continue the trial but also indicated that it found the lead detective to be a professional and was sure that he would have been there if he could have been.

{¶7}   On December 12, 2018, the trial court issued an entry indicating that the trial was continued until February 4, 2019, over Smith's objection, due to witness unavailability.

{¶8}   On February 2, 2019, Smith filed a motion to dismiss based upon an alleged violation of his statutory and constitutional right to a speedy trial.  The State opposed the motion.  On February 4, 2019, Smith entered a no contest plea to one count of murder (count two).  The written plea agreement indicated that Smith preserved challenges related to speedy trial for appeal.  The remaining charges and specifications were dismissed.

{¶9}   On June 28, 2019, the trial court denied Smith's motion to dismiss.  On July 10, 2019, Smith was sentenced to 15 years to life in prison.  On July 17, 2019, the trial court issued a nunc pro tunc entry reflecting corrections to some of the charges.  It issued a second nunc pro tunc entry July 25, 2019, indicating that Smith pleaded no contest as opposed to guilty.

{¶10}  Smith has appealed, raising a single assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO DISMISS THIS MATTER BASED UPON THE FAILURE TO BRING THE CASE TO TRIAL WITHIN THE TIME PERIOD PRESCRIBED BY R.C. []2945.71.

{¶11}  Smith argues in his assignment of error that the trial court erred in failing to dismiss his case based upon a violation of his statutory right to a speedy trial.

### Preliminary Issue

{¶12}  Prior to addressing the merits of Smith's appeal, we note that the State has pointed out that the trial court's judgment entry appears to still contain a clerical error.  The plea hearing transcript and entry reflecting the plea provide that Smith pleaded no contest to count two; however, the judgment of conviction reflects that Smith pleaded no contest to, and was found

guilty of, count one. In addition, upon review, this Court observes that the entry still includes a reference to a guilty plea: "The Court then accepted Defendant's *guilty* plea and convicted Defendant of the charged offense to which Defendant pleaded no contest." (Emphasis added.) Upon remand, the trial court can remedy these issues via a nunc pro tunc entry. *See State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 8.

### Speedy Trial

{¶13} "When a trial court denies a motion to dismiss on speedy trial grounds, this Court reviews questions of law de novo, but considers whether the trial court's factual determinations are clearly erroneous." (Internal quotations and citations omitted.) *State v. Gall*, 9th Dist. Lorain No. 18CA011445, 2019-Ohio-4907, ¶ 5. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal constitutional speedy trial provisions." *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79 ¶ 8, quoting *State v. Gaines*, 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶14} Under Section 2945.71(C)(2) of the Ohio Revised Code, a person charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(E) provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." The parties do not dispute that the triple-count provision applied to Smith. "Thus, subject to certain tolling events, a jailed defendant must be tried within 90 days." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 15. "A juvenile only becomes a person against whom a felony charge is pending, and thus falls within the speedy trial protections of R.C. 2945.71, if and when the Juvenile Court relinquishes jurisdiction over the case and transfers it to the appropriate adult court." (Internal quotations and citation omitted.) *State v. Childs*, 9th Dist. Summit No.

17653, 1996 WL 525631, *1 (Sept. 18, 1996); *see also State v. Bickerstaff*, 10 Ohio St.3d 62, 67 (1984). Here, the juvenile court journalized its entry transferring Smith's case to the court of common pleas on June 21, 2018. Thus, the speedy trial clock began to run on June 22, 2018. *See State v. Evans*, 1st Dist. Hamilton No. C-170240, 2018-Ohio-3129, ¶ 3, 13; *see also State v. Moore*, 7th Dist. Mahoning No. 06-MA-15, 2008-Ohio-1190, ¶ 14, 133.

{¶15} "Because the General Assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances." *Ramey* at ¶ 24. "Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial "may be extended only by" the events enumerated in R.C. 2945.72(A) through (I)." *Id.* "These extensions are to be strictly construed, and not liberalized in favor of the state." (Internal quotations and citation omitted.) *Id.*

{¶16} R.C. 2945.72(H) provides that "[t]he time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended [by] * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

{¶17} On appeal, Smith asserts two specific periods of time were chargeable to the State and not him. First, he points to the period from October 2, 2018 to December 10, 2018. At the October 2, 2018 status conference, trial was set for December 10, 2018. Smith maintains that trial was therefore set outside the timeframe for speedy trial. He does not dispute that time was tolled from September 4, 2018 to October 2, 2018, due to his own requests for continuances.

{¶18}   At the status conference on October 2, 2018, Smith's counsel indicated that there did not appear to be an issue with time.  While Morgan's counsel and the prosecutor suggested December 3, 2018, as a trial date, Smith's counsel indicated that he was not available.  Smith's counsel then sought a later date.  When the bailiff offered December 10, 2018, Smith's counsel stated he was available, as did the other attorneys.  Trial was accordingly set for December 10, 2018.  On October 5, 2018, the trial court journalized an entry reflecting that "[u]pon the request of [Smith's counsel]," trial was set for December 10, 2018.

{¶19}   Given that Smith's Counsel sought out a trial date later than the December 3, 2018 date that the other parties had agreed to, there is an argument that the December 10, 2018 trial date was set at Smith's behest.  *See* R.C. 2945.72(H); *but see State v. McRae,* 55 Ohio St.2d 149, 152, fn.3 (1978).  Yet, even if that were not the case, the second half of R.C. 2945.72(H) also authorized the trial court to find that the speedy trial time was extended.  "When a trial date is set beyond the time limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H)."  *McRae* at 152.  "However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits."  *Id.*  "Moreover, the trial court's exercise of that discretion constitutes a continuance granted other than upon the accused's own motion under the second clause of R.C. 2945.72(H), and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial."  (Internal quotations and citations omitted.)  *Id.* at 153.  "Whether such a continuance is reasonable must be affirmatively demonstrated in some manner in the trial court."  *Id.*  Notably, at oral argument, Smith's counsel indicated that it would be futile to argue that this continuance was unreasonable.  In light of that

concession, and the record before us, we conclude that the trial court properly concluded that the speedy trial time was extended. *See id.* at 152-153.

{¶20} The second period of time concerns December 10, 2018 until February 4, 2019. On November 30, 2018, the State filed a motion to continue the December 10, 2018 trial date due to "a conflict in scheduling for the lead detective in th[e] case." The lead detective was "scheduled to be out-of-state during the week of trial for required training." On December 5, 2018, the trial court issued an order granting the State's motion, noting that Smith's counsel had not objected. The trial court determined that the continuance was reasonable in light of the necessity of the lead detective's testimony and vacated the trial date due to the lead detective's unavailability. The trial court indicated that the trial would be reset for the earliest available date and that a status conference would be held December 10, 2018.

{¶21} At the December 10, 2018 status conference, the State reiterated that the lead detective was in mandatory, out-of-state training all week and also informed the court that the lead detective would be on vacation the following week. The State pointed out the importance of the lead detective's testimony, noting there were certain matters only he could testify concerning. The State then notified the trial court that "the next available date that works for everyone's calendar is February 4th. We did suggest some dates earlier than that; however, with counsels' schedule, understandably so, we just couldn't get it in any sooner than that."

{¶22} Smith's counsel then noted his objection to the State's motion for a continuance and asserted that the trial court granted the motion before his time to respond expired. Smith's counsel questioned whether the lead detective knew about the training when the trial date was set and also whether the training could be done at another time. The trial court indicated that it was not happy to need to continue the trial but also stated that it found the lead detective to be a

professional and was sure that he would have been there if he could have been. On December 12, 2018, the trial court issued an entry indicating that the trial was continued until February 4, 2019, over Smith's objection, due to witness unavailability.

{¶23} "Ideally, when granting a continuance under the second half of R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." (Internal quotations omitted.) *State v. Roth*, 9th Dist. Lorain No. 17CA011083, 2018-Ohio-2564, ¶ 13, quoting *State v. Vanscoy*, 9th Dist. Summit No. 26964, 2014-Ohio-3482, ¶ 13, quoting *Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus. "Nonetheless, [i]f the trial court imperfectly handles continuances under R.C. 2945.72(H), then the appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." (Internal quotations and citations omitted.) *Roth* at ¶ 13.

{¶24} In light of our conclusion above with respect to the time period from October 2, 2018 to December 10, 2018, the State moved for the continuance within the time for speedy trial and the trial court entered two orders granting the continuance also within the speedy trial time. In the first order, the trial court found the continuance reasonable in light of the necessity of the lead detective's testimony and vacated the trial date due to witness unavailability. In the second order, the trial court reiterated that the trial was continued because of witness unavailability. Further, the record discloses that the February 4, 2019 selected trial date was the first date that would accommodate all of the parties' schedules. While Smith's counsel objected to the State

receiving a continuance, he did not contend that, if the continuance was granted, the trial could have taken place any sooner than February 4, 2019.

{¶25} The Supreme Court of Ohio has concluded that even a continuance requested by the State based upon the vacation of the arresting officer can be reasonable. *State v. Saffell*, 35 Ohio St.3d 90, 91-92 (1988). Based upon *Saffell*, this Court has determined that "[i]t is well settled that the availability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C. 2945.72(H)." *State v. Gregrich*, 9th Dist. Wayne No. 98CA0029, 1999 WL 292547, *2 (Mar. 24, 1999); *see also State v. Thorn*, 9th Dist. Wayne No. 98CA0020, 1998 WL 892975, *2 (Dec. 23, 1998). It is true that Smith's counsel objected to the continuance and questioned when the lead detective knew about the training and whether it could have been done at another time. However, nothing in the record supports the conclusion that the lead detective knew about the training prior to setting the December 10, 2018 trial date or that he could have taken the training at another time. The State maintained that the training was mandatory, out-of-state training that lasted all week. Given the record before us, we conclude that the trial court did not err in concluding the continuance was reasonable. Nonetheless, we note that the better practice would have been for the State to present documentation from the witness substantiating that the continuance was warranted. *See, e.g., State v. Najjar-Banks*, 5th Dist. Delaware No. 18 CAC 11 0085, 2019-Ohio-3337, ¶ 31 ("On September 20, 2018, appellee filed a motion for a continuance stating that the Trooper was in training on such date and that he was a necessary witness. Trooper Davis in a document in the trial court file, indicated that he was in training on September 25, 2018 and that the next date that he would be available was September 26, 2018."). The right of the defendant to a speedy trial must be taken seriously by the State. The mere fact that the unavailability of a key prosecution witness has been determined to be a reasonable ground for

granting a continuance does not require the conclusion that a trial court would always be required to grant such a continuance. *See State v. Jones*, 2d Dist. Clark No. 2013 CA 118, 2014-Ohio-4605, ¶ 14-15.

{¶26} Given Smith's arguments on appeal, and the record before us, we overrule his assignment of error.

### III.

{¶27} Smith's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed, but the matter is remanded for the issuance of a nunc pro tunc entry to correct the sentencing entry.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                    _____

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.